UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NELSON REIS,

          Petitioner,

    v.

WARDEN,

          Respondent.

No.  1:26-cv-01899-DAD-CSK (HC)

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER

(Doc. No. 20)

This matter is before the court on petitioner's motion for temporary restraining order. (Doc. No. 20.)  For the reasons explained below, petitioner's motion will be granted.

**BACKGROUND**

Petitioner entered the United States in 2019 pursuant to the Visa Waiver Program ("VWP"), with authorization to remain in this country for 90 days.  (Doc. No. 8-1 at 19.) Petitioner stayed in the United States past the authorization period.  (*Id.*)  On October 31, 2025, petitioner encountered immigration officials at the South County Detention Center in Porterville, California after he was convicted of unlawful possession of narcotics in violation of the California Penal Code.  (*Id.* at 2–3.)  On November 3, 2025, the Department of Homeland Security ("DHS") issued a notice of intent to issue a final administrative removal order.  (*Id.* at 19.)  On the same day, DHS issued a final administrative removal order for petitioner's violation of the VWP.  (*Id.* at 21.)  On January 6, 2026, petitioner's immigration case was referred to an

1

immigration judge ("IJ") pursuant to 8 C.F.R. § 208.2(c).[1]  (Doc. No. 8-1 at 23.)  Petitioner was subsequently placed into withholding–only proceedings and on May 4, 2026, an IJ denied petitioner's applications for withholding of removal pursuant to § 241(b)(3) and the Convention Against Torture.  (Doc. No. 22-2 at 1.)  Petitioner has been held in immigration detention since October 31, 2025.

On April 3, 2026, petitioner filed a motion for temporary restraining order.  (Doc. No. 10.)  On May 5, 2026, the court issued an order that granted petitioner's motion in part and ordered respondent to provide petitioner with a bond hearing before an IJ.  (Doc. No. 17.)  On June 8, 2026, petitioner, proceeding *pro se*, filed his second motion for temporary restraining order seeking his immediate release from Immigration and Customs Enforcement ("ICE") custody.  (Doc. No. 20.)  On June 9, 2026, the court set a briefing schedule on the pending motion which directed respondent to file an opposition to the pending motion and also inform the court whether petitioner had been provided a bond hearing before an IJ in accordance with the court's prior order granting petitioner's first motion for temporary restraining order in part.

On June 11, 2026, respondent filed an opposition to the pending motion.  (Doc. No. 22.)  Thereafter, the court ordered respondent to file supplemental briefing addressing the status of an asylum application that petitioner purportedly filed with United States Citizenship and Immigration Services ("USCIS").  (Doc. No 23.)  On June 17, 2026, respondent filed that supplemental briefing.  (Doc. No. 24.)  In that supplemental briefing, respondent states that petitioner was placed in withholding-only proceedings and that because petitioner was placed into withholding-only proceedings, the IJ only considered petitioner's applications for withholding of removal.  (*Id.*); *see also* (Doc. No 24-1 at 1) (notice dated January 12, 2026 and addressed to petitioner indicating that a withholding-only hearing was scheduled with the immigration court in connection with petitioner's immigration case).

/////

---

[1]  Title 8 C.F.R. § 208.2(c) describes proceedings for individuals who are not entitled to removal proceedings pursuant to § 240 of the Immigration and Nationality Act but have applied for asylum or withholding of removal.

2

**LEGAL STANDARD**

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (citation omitted). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

The likelihood of success on the merits is the most important *Winter* factor. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Plaintiff bears the burden of demonstrating that he is likely to succeed on the merits of his claims or, at the very least, that "serious questions going to the merits were raised." *All. for Wild Rockies*, 632 F.3d at 1131.

/////

3

**DISCUSSION**

**A.        Likelihood of Success on the Merits**

Petitioner argues that his detention has become unconstitutionally prolonged in violation of the decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. No. 20 at 6.) In opposition, respondent argues that petitioner's detention is lawful pursuant to 8 U.S.C. § 1231(a)(2) because he is subject to a final order of removal and the 90-day mandatory detention period has not yet elapsed. (Doc. No. 22 at 2–4.)

The VWP, under which petitioner entered the United States in 2019, "allows nationals of certain countries to enter the United States without a visa." *Nicusor-Remus v. Sessions*, 902 F.3d 895, 896 (9th Cir. 2018) (citing 8 U.S.C. § 1187(a)). Admission to the United States under the VWP requires entrants to waive all rights "to contest, other than on the basis of an application for asylum, any action for removal of the" VWP entrant. 8 U.S.C. § 1187(b)(2). In waiving these rights, "VWP entrants are not entitled to full removal proceedings under Immigration and Nationality Act § 240[.]" *Nicusor-Remus*, 902 F.3d at 897 (citation omitted). "A VWP entrant's removability 'shall be determined by the district director who has jurisdiction over the place where the alien is found, and shall be effected without referral of the alien to an immigration judge for a determination of deportability' unless the alien applies for asylum." *Bingham v. Holder*, 637 F.3d 1040, 1042 (9th Cir. 2011). "DHS's determination of a VWP entrant's removability constitutes an 'order of removal.'" *Nicusor-Remus*, 902 F.3d at 898.

"If the VWP entrant seeks asylum, they are referred to an IJ for asylum-only proceedings." *Barre v. Larose*, No. 26-cv-03088-JAO-VET, 2026 WL 1471898, at *1 (S.D. Cal. May 26, 2026) (internal citation omitted). "'Asylum-only,' however, does not mean that the petitioner is limited to asylum in the relief he seeks. No, he may also seek withholding of removal and protection under the CAT in the 'asylum-only' proceeding." *Bao Tai Nian v. Holder*, 683 F.3d 1227, 1228 (9th Cir. 2012) (internal citation omitted). "[T]he denial of an asylum application in asylum-only proceedings 'finalizes' DHS's removal order of a VWP entrant because the VWP entrant is entitled to no other forms of relief." *Nicusor-Remus*, 902 F.3d at 898.

4

In contrast, when withholding-only proceedings are pending, the finality of a removal order remains undisturbed. *Johnson v. Guzman Chavez*, 594 U.S. 523, 539 (2021) ("[T]he finality of the order of removal does not depend in any way on the outcome of the withholding-only proceedings.").

As the Supreme Court explained:

> If an immigration judge grants an application for withholding of removal, he prohibits DHS from removing the alien to that particular country, not from the United States. The removal order is not vacated or otherwise set aside. It remains in full force, and DHS retains the authority to remove the alien to any other country authorized by the statute. *See* §§ 208.16(f), 1208.16(f), 1240.12(d). And the statute provides numerous options: a country designated by the alien; the alien's country of citizenship; the alien's previous country of residence; the alien's country of birth; the country from which the alien departed for the United States; and finally, any country willing to accept the alien. Brief for Petitioners 3 (citing 8 U. S. C. § 1231(b)(2)). In short, withholding-only relief is country-specific. It relates to where an alien may be removed. It says nothing, however, about the antecedent question whether an alien is to be removed from the United States.
>
> This Court and the BIA have long understood the nature of withholding-only relief this way. In *INS v. Aguirre-Aguirre*, 526 U.S. 415, 419 (1999), we distinguished withholding-only relief from asylum, noting that "a grant of asylum permits an alien to remain in the United States and to apply for permanent residency after one year," while "withholding only bars deporting an alien to a particular country or countries." (Emphasis added.) And in *Matter of I–S– & C–S–*, 24 I. & N. Dec. 432, 434 (BIA 2008), the BIA made clear that withholding-only relief "does not afford [an alien] any permanent right to remain in the United States." Rather, as the "regulations make clear," a grant of withholding "does not prevent the DHS from removing an alien to a country other than the one to which removal has been withheld." *Ibid.* Indeed, just last Term, we affirmed that a grant of withholding-only relief "means only that, notwithstanding the order of removal, the noncitizen may not be removed to the designated country of removal, at least until conditions change in that country," and that "the noncitizen still may be removed at any time to another country." *Nasrallah v. Barr*, 590 U. S. ——, ——, 140 S. Ct. 1683, 1691, (2020) (internal quotation marks omitted).

*Id.* at 535–37.

As noted above, petitioner was placed into withholding-only proceedings. Indeed, the IJ's order issued on that day has "In Withholding Only Proceedings" in the case caption and does not indicate that the IJ considered any asylum application that petitioner purportedly filed with the USCIS. Because petitioner was only placed in withholding-only proceedings, the administrative

removal order became final when DHS issued it on November 3, 2025 and petitioner has been held in post-removal detention since that date. *AMM v. Thompson*, No. 25-cv-01210-FB-HJB, 2025 WL 3296316 (W.D. Tex. Nov. 18, 2025) (noting that "an ongoing asylum-only proceeding, unlike a withholding -only proceeding, does affect the finality of a [final administrative removal order]."), *report and recommendation adopted*, No. 25-cv-01210-FB, 2025 WL 3296315 (W.D. Tex. Nov. 26, 2025). Accordingly, the court concludes that petitioner has been subject to post-removal detention since the final administrative removal order was issued on November 3, 2025. *See Pomaquiza Loja v. Brophy*, No. 26-cv-00512-LJV, 2026 WL 1543181, at *4 (W.D.N.Y. June 2, 2026) (noting that the detention authority shifts to 8 U.S.C. § 1231(a) when an administrative order of removal becomes final). Therefore, the court must determine whether petitioner's continued detention has become prolonged and unlawful.

"The authority of ICE to detain noncitizens under federal law derives from 8 U.S.C. § 1231, which directs the Attorney General of the United States to affect the removal of any noncitizen from this country within 90 days of any order of removal." *Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025). Title 8 U.S.C. § 1231(a)(2) mandates detention during "the removal period" which is the 90-day period beginning from the date the removal order becomes final. 8 U.S.C. § 1231. However, 8 U.S.C. § 1231(a)(6) authorizes discretionary detention "beyond the removal period." 8 U.S.C. § 1231(a)(6). Nonetheless, "[a] noncitizen may only be held in confinement until 'it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Vlasov v. Bondi*, No. 25-cv-01342-AJB-MSB, 2025 WL 2258582, at *2 (S.D. Cal. Aug. 7, 2025) (quoting *Zadvydas*, 533 at 682).

"The Supreme Court read an implicit limitation into the statute in light of the Constitution's demands, holding that § 1231(a)(6) does not authorize indefinite detention and limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Hilario M.R. v. Warden, Mesa Verde Det. Ctr.*, No. 1:24-cv-00998-EPG (HC), 2025 WL 1158841, at *4 (E.D. Cal. Apr. 21, 2025) (internal quotation marks omitted) (quoting *Zadvydas*, 533 U.S. at 689). "A six-month period of detention is

6

presumptively reasonable." *Vlasov*, 2025 WL 2258582, at *2. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Petitioner has been detained and subject to a final order of removal since November 3, 2025. Thus, the 90-day mandatory detention period expired in February 2026 and the presumptively reasonable 6-month period ended on May 3, 2026.[2] Nonetheless, petitioner remains in custody and immigration officials have failed to remove him. Indeed, respondent has made no representations regarding the foreseeability of petitioner's removal in its opposition to the pending motion. Accordingly, the court concludes that petitioner is likely to succeed on the merits of his claim that his detention has become impermissibly prolonged in violation of due process. Therefore, consideration of the first *Winter* factor weighs in favor of petitioner.[3]

**B.      Irreparable Harm**

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (internal quotation marks and citation omitted). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty

---

[2] In the court's prior order granting petitioner's first motion for temporary restraining order in part, it directed respondent to provide petitioner with a constitutionally adequate bond hearing before an IJ because the government had detained petitioner pursuant to 8 U.S.C. § 1226(c) for more than six months without such a bond hearing. (Doc. No. 17.) In resolving that motion, the court found that petitioner was detained pursuant to § 1226(c), relying on respondent's representations that petitioner was in asylum-only proceedings, and the supporting documentation offered in support of that proposition which indicated that petitioner's case had been referred to an IJ. (Doc. Nos. 8 at 3; 8-1 at 23–24.) Notably, neither respondent's representations or documentation submitted at that time revealed that petitioner was in withholding-only proceedings. The court recognizes that the immigration issues presented in this case are complex. Nonetheless, the court is very concerned that the critical fact that petitioner was in withholding-only proceedings only came to light after petitioner filed a second *pro se* motion for temporary restraining order.

[3] Since the court concludes that petitioner is likely to succeed on the merits of his *Zadvydas* claim, the court will not address any remaining claims under which petitioner seeks relief in the petition for writ of *habeas corpus* to resolve the present motion.

7

that" the Due Process Clause of the Fifth Amendment protects. *Zadvydas v. Davis*, 533 U.S. at 690. Above, the court has concluded that petitioner has established his likelihood of success on the merits of his claim that his prolonged detention violates due process. "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005) (citation omitted). Accordingly, the court concludes that consideration of the second *Winter* factor also weighs in petitioner's favor.

**C.      Balance of Equities and Public Interest**

"Where the government is a party to a case in which a preliminary injunction is sought, the balance of the equities and public interest factors merge." *Roman v. Wolf*, 977 F.3d 935, 940–41 (9th Cir. 2020) (citation omitted). "[I]t is clear that it would not be equitable or in the public's interest to allow the state . . . to violate the requirements of federal law, especially when there are no adequate remedies available." *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1069 (9th Cir. 2014) (alteration in original) (quoting *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013)). Further, "The public interest in enforcement of immigration laws, although significant, does not override the public interest in protecting the safeguards of the Constitution." *Domingo-Ros v. Archambeault*, No. 25-cv-01208-DMS-DEB, 2025 WL 1425558, at *5 (S.D. Cal. May 18, 2025). Accordingly, the court concludes that consideration of the third and fourth *Winter* factors weigh in favor of petitioner as well.

Therefore, the court concludes that consideration of all four *Winter* factors weigh in favor of granting petitioner's motion for temporary restraining order.

For the reasons explained above,

1.      Petitioner's motion for temporary restraining order (Doc. No. 20) is GRANTED as follows:

a.      Respondent is ORDERED to immediately release petitioner Nelson Reis, A-File No. 240-174-492, from respondent's custody subject to reasonable terms of supervision as set forth in 8 U.S.C. § 1231(a)(3), 8 C.F.R. § 241.13(h);

8

    b.  Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

2. Under the circumstances of this case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure;

3. The Clerk of the Court is directed to serve the Central Valley Annex Detention Facility with a copy of this order; and

4. Petitioner is directed to file any motion for preliminary injunction within fourteen (14) days from the date of entry of this order.  Respondent may file an opposition to that motion no later than five (5) days from the date that motion is filed.

IT IS SO ORDERED.

Dated: **June 24, 2026**      _Dale A. Drozd_____
            DALE A. DROZD
            UNITED STATES DISTRICT JUDGE